1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON,                    )
                                        )
                          Plaintiff,    )    No.  2:11-cv-1460
                                        )
          v.                            )    **NOTICE OF REMOVAL TO**
                                        )    **FEDERAL COURT**
RECONTRUST COMPANY, N.A.,               )
                                        )
                          Defendant.    )
_____)

Defendant ReconTrust Company, N.A. ("ReconTrust") respectfully gives notice of removal of this action to the United States District Court for the Western District of Washington.  The basis of the Court's jurisdiction is diversity jurisdiction as provided under the Class Action Fairness Act, codified at 28 U.S.C. § 1332(d).

## **BACKGROUND**

1.      On August 5, 2011, the State of Washington (the "State"), through the office of the Attorney General, commenced this lawsuit in King County Superior Court under Case No. 11-2-26867-5 (the "State Court Action").

2.      The State served ReconTrust with a Summons and "Complaint for Injunctive Relief and Other Relief Under the Consumer Protection Act" ("Complaint")[1] on August 5, 2011.

_____

[1] The Complaint is attached to the accompanying Declaration of John S. Devlin III in Support of Notice of Removal to Federal Court as Exhibit B.  For ease of presentation, ReconTrust cites to the Complaint directly without reference to its status as an exhibit.

NOTICE OF REMOVAL TO FEDERAL COURT - 1
Case No.  2:11-cv-1460

3.      The State Court Action relates to ReconTrust's activities as trustee under "thousands of deeds of trust throughout the State of Washington[.]" Compl. 2, ¶ 4.1.  The State alleges that ReconTrust has failed to comply with the Washington Deed of Trust Act ("WDTA") in "each and every foreclosure it has conducted since at least June 12, 2008." Compl. 3, ¶ 4.3.  These alleged violations of the WDTA include:

- Alleged failure to maintain a physical presence in the State of Washington (Compl. 3, ¶ 5.3);

- Alleged failure to act in good faith towards the borrower and lender (Compl. 4, ¶ 5.7);

- Alleged failure to properly itemize reinstatement amounts (Compl. 6, ¶ 5.10);

- Alleged failure to accurately divulge the true parties to the subject mortgage transactions (Compl. 6, ¶ 5.12); and

- Alleged failure to properly draft post-sale trustee's deeds (Compl. 8, ¶ 5.17).

4.      The State contends that these failures to comply with the WDTA constitute violations of the Washington Consumer Protection Act ("WCPA").  Compl. 9, ¶ VI.

### GROUNDS FOR REMOVAL:  CLASS ACTION FAIRNESS ACT DIVERSITY JURISDICTION

5.      ReconTrust removes this action pursuant to the Class Action Fairness Act ("CAFA") on two independent grounds:  (1) as a mass action under 28 U.S.C. § 1332(d)(11); and (2) as a class action under 28 U.S.C. § 1332(d)(2)–(10).

### MASS ACTION DIVERSITY JURISDICTION

6.      A "mass action" is "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact."  28 U.S.C. § 1332(d)(11)(B)(i).  CAFA authorizes removal of a mass action where:  (1) minimal diversity of citizenship exists between the parties; (2) the aggregate amount in controversy exceeds $5,000,000 in claims, exclusive of interests and costs, with at least one claim exceeding $75,000 in controversy; (3) the action involves claims of 100 or more plaintiffs or real parties in interest; and (4) those claims involve common questions of

NOTICE OF REMOVAL TO FEDERAL COURT - 2
Case No.  2:11-cv-1460

116589.0310/5158168.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1    law or fact.  *See Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 952-53 (9th Cir. 2009); *Lowery v.*

2    *Ala. Power Co.*, 483 F.3d 1184, 1203 (11th Cir. 2007).  All these requirements are met here.

3                        **Minimal Diversity of Citizenship**

4        7.        **ReconTrust is a Citizen of California for Diversity Purposes.**  ReconTrust is

5    a national banking association registered with the Office of Comptroller of Currency and has its

6    main office in Simi Valley, California.  Accordingly, ReconTrust is a citizen of California for

7    diversity purposes.  *Wachovia v. Schmidt*, 546 U.S. 303, 318 (2006) (for diversity purposes, a

8    national banking association is a citizen of the state designated in its articles of association as

9    its main office).

10       8.        **The Real Parties in Interest to This Action are: (1) Washington State; (2)**

11   **ReconTrust; and (3) those Washington Borrowers Whose Deed of Trust Mortgages Have**

12   **or Have Had ReconTrust as Trustee.**  Although a state attorney general is typically treated as

13   the state itself—and thus not as a citizen of any state for diversity purposes—there is an

14   exception to this general principle where individuals are real parties in interest because the

15   relief the Attorney General seeks will accrue directly to those individuals, not to the state.  *See*

16   *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard

17   nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the

18   controversy."); *Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 424 (5th Cir.

19   2008) ("[I]f the Attorney General is only a nominal party, and the policyholders [i.e.,

20   consumers in the action] are the real parties in interest, then the nature of the claims asserted

21   must be examined to determine if they are removable under CAFA.").

22       9.        In *Caldwell v. Allstate Ins. Co.*, Louisiana's attorney general brought a *parens*

23   *patriae* antitrust action against insurance companies for suppressing competition in Louisiana's

24   insurance market.  536 F.3d at 422.  The court of appeals held that when a state sues "for the

25   particular benefit of a limited number of citizens," those citizens are the real parties in interest

26   for diversity jurisdiction purposes.  *Id.* at 428 (internal quotation marks omitted).  The court

27

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

focused on the attorney general's claim for damages on behalf of particular customers, setting aside other claims for relief that were sought for the benefit of the general populace:

> [A]s far as the State's request for treble damages is concerned, the policyholders are the real parties in interest. . . .  The plain language of [the statute's provision for treble damages] makes clear that individuals have the right to enforce this provision.  Accordingly, we agree with the district court and hold that . . . the policyholders, and not the State, are the real parties in interest. . . .  Louisiana is also seeking the remedy of injunctive relief.  If Louisiana were only seeking that remedy, which is clearly on behalf of the State, its argument that it is the only real party in interest would be much more compelling.

*Id*. at 429-30; *see also West Virginia ex rel. McGraw v. Comcast Corp.*, 705 F. Supp. 2d 441, 449–52 (E.D. Pa. 2010) (holding that consumers were real parties in interest in *parens patriae* action as to damages claims because state had no particularized interest in ensuring that specific consumers receive given sum of money).

10.    In *Nevada v. Bank of America*, the district court denied the Nevada attorney general's motion to remand an enforcement action alleging that Bank of America had made various misrepresentations related to loan modifications and foreclosures.  Case No. 3:11-cv-00135RCJ-RAM, 2011 WL 2633641 (D. Nev. July 5, 2011) (denying motion to remand based on finding of minimal diversity jurisdiction under CAFA).  *Nevada* relied upon the Ninth Circuit's decision in *Dep't of Fair Emp't & Hous.. v. Lucent Techs., Inc.,* for the proposition that:

> [A] State's presence in a lawsuit will defeat jurisdiction under 28 U.S.C. § 1332(a)(1) only if "the relief sought is that which inures to it alone, and in its favor the judgment or decree, if for the plaintiff, will effectively operate."  In making this determination, courts consider the substantive state law.

*Id.* (quoting *Lucent*, 642 F.3d 728, 737 (9th Cir. 2011)).[2]  Thus, the *Nevada* court held that the "thousands of Nevada consumers on whose behalf the State has brought this action are real parties in interest for the purposes of diversity."  2011 WL 2633641, at * 4 (internal quotation marks and citation omitted).  The court continued:

---

[2] In *Lucent*, the California Department of Fair Employment and Housing sued the defendant alleging that it had discriminated on the basis of physical handicap against a single former employee.  2011 WL 1549232 at *1.

NOTICE OF REMOVAL TO FEDERAL COURT - 4
Case No.  2:11-cv-1460

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

116589.0310/5158168.2

[T]he State is also a real party in interest . . . because in addition to restitution to consumers under [Nevada Revised Statutes] section 598.0993 and other declaratory and injunctive relief available to consumers via their own actions, the State seeks civil fines under section 598.0999(2) that are payable directly to the State, not to the consumers. ***But the State's presence as a real party of interest will not defeat diversity if the consumers are also real parties in interest.***

*Id.* (emphasis added).

11.     In *Nevada*, the attorney general brought suit under the Nevada Deceptive Trade Practices Act ("NDTPA").  2011 WL 2633641, at *1.  In some cases, the NDTPA allows courts to grant declaratory relief, injunctive relief, civil penalties, restitution, attorney fees, and costs in a suit brought by certain state officials.  *Id.* at *1 (citing NRS 598.0999(2), 598.0973, .0993, .0999(2)) (various types of relief); NRS 598.0999 (Nevada attorney general may bring suit for civil penalties).  However, the *Nevada* court also found that individual homeowners could have brought their own private suits seeking similar relief.  2011 WL 2633641, at *4 (citing NRS 41.600).  Thus, the court found that the thousands of Nevada consumers on whose behalf the State has brought this action are real parties in interest for the purposes of diversity.  *Id.*

12.     Here, the State brings suit under RCW 19.86.080, that section of the WCPA authorizing actions by the Washington Attorney General against persons who engage in deceptive trade practices.  Compl. 9, ¶ 7.  However, as in *Nevada*, the Washington legislature has provided a private cause of action for the same type of allegedly deceptive activity.  *See* RCW 19.86.090.  This private right of action explicitly authorizes injunctive relief, attorney fees, and costs – the same relief sought by the State in the instant suit.  *See* Compl. 9, ¶ 7.3, 10, ¶ 7.6.  Additionally, the private right of action allows aggrieved individuals to recover their actual damages, which would include the restitution damages sought by the State in the Complaint.  RCW 19.86.090; Compl. 10, ¶ 7.5.

NOTICE OF REMOVAL TO FEDERAL COURT - 5
Case No.  2:11-cv-1460

116589.0310/5158168.2

13.     Thus, although the State has commenced the instant lawsuit, this lawsuit could have been commenced by any homeowner whose deed of trust was foreclosed by ReconTrust.[3] Such a homeowner could recover, as an individual, the exact same damages sought by the State in this suit.  As in *Nevada*, the State may be a real party in interest to the extent it seeks civil penalties that will accrue to the State.  *Compare Nevada*, 2011 WL 2633641 at *4, *with* Compl. 10, ¶ 7.4 .  In any event, the key factor is that the thousands of Washington homeowners whose deeds of trust were foreclosed by ReconTrust surely are real parties in interest under the reasoning in *Lucent* and *Nevada*.  *See* Compl. 2, ¶ 4.1("Defendant is now, and has been at all times relevant to this lawsuit, acting as a trustee on thousands of deeds of trust through the State[.]").[4]

14.     At least one (and almost certainly the vast majority) of the "thousands" of Washington homeowners whose deeds of trust were foreclosed by ReconTrust since June 2008 is a citizen of a state other than California.  Accordingly, minimal diversity exists under CAFA.

### Amount in Controversy

15.     The State Court Action satisfies CAFA's requirement for mass actions that the aggregate amount in controversy exceed $5,000,000 in claims, exclusive of interests and costs, with at least one claim exceeding $75,000 in controversy.   28 U.S.C. §§ 1332(d)(2), (d)(11)(B)(i).

16.     The State seeks, *inter alia*, restitution to individual borrowers, injunctive and declaratory relief, and civil penalties, all of which count toward the $5 million aggregate requirement.  *See* 28 U.S.C. § 1332 ("[T]he *matter in controversy* exceeds the sum or value of $5,000,000, exclusive of interest and costs[.]" (emphasis added)).

---

[3] Indeed, the WDTA allows individual borrowers to sue foreclosure trustees such as ReconTrust for failures to materially comply with WDTA, even if the borrower does not bring a pre-sale action to enjoin the foreclosure. *See* RCW 61.24.127(1)(c).

[4] The Court's holding in *Nevada* is at odds with the ruling in *Arizona ex rel. Horne v. Countrywide Financial Corp.*, Case No. CV-11-131-PHX-FJM, 2011 WL 995963 (D. Ariz. March 21, 2011) (granting motion to remand). The rulings in both *Arizona* and *Nevada* have been appealed to the Ninth Circuit, which has not yet accepted the petition for review in either matter.

NOTICE OF REMOVAL TO FEDERAL COURT - 6
Case No.  2:11-cv-1460

116589.0310/5158168.2

17.     For example, the State seeks "civil penalties, pursuant to RCW 19.86.14, of up to two thousand dollars ($2,000) per violation against the Defendant for each and every violation of RCW 19.86.020 cause by the conduct complained of herein."  Compl. 10, ¶ 7.4. The State alleges that ReconTrust has served as trustee on "thousands" of deeds of trust in the State of Washington.   Compl. 2, ¶ 4.1.   The State also contends that "each and every foreclosure" ReconTrust has conducted violates the WDTA, and thus also violates the WCPA. Compl. 3, ¶ 4.3.

18.     According to ReconTrust's records, since June 12, 2008 it has acted as trustee for over 18,600 deeds of trust and has conducted over 6,500 foreclosures in the State of Washington.  Multiplying each of these foreclosures by the requested civil penalties of $2,000 more than satisfies the $5,000,000 jurisdictional requirement.

19.     Additionally, the State seeks as relief "such orders pursuant to RCW 19.86.080 as it deems necessary to provide for restitution to consumers of money or property acquired by the Defendant as a result of the conduct complained of herein."  Compl. 10, ¶ 7.5.  According to ReconTrust's records, it received trustee's fees of over $8.4 million for the foreclosures it conducted in Washington since June 12, 2008.

20.     The State also seeks restitution damages on behalf of Washington homeowners pursuant to RCW 19.86.080.  Compl. 10, ¶ 7.5.  Subsection (2) permits the court to

> make such additional orders or judgments as may be necessary to **restore to any person in interest any** moneys or **property, real or personal**, which may have been acquired by means of any act herein prohibited or declared to be unlawful.

According to ReconTrust's records, the total trustee's sale price of the properties it has foreclosed upon in Washington since June 12, 2008 exceeds $1.5 billion with an average trustee's sale price of over $235,000.00.  Because the State seeks relief that would restore this property to foreclosed borrowers, the damages sought in the Complaint satisfy not only the $5,000,000 total jurisdictional requirement, but also satisfy the $75,000 single jurisdictional requirement many times over.

NOTICE OF REMOVAL TO FEDERAL COURT - 7
Case No.  2:11-cv-1460

21.     ReconTrust does not concede that any of the above measures of monetary relief are correct or will be sustained under applicable law.  But the Complaint certainly puts these measures of monetary relief at issue.

### One Hundred or More Real Parties in Interest

22.     This is a case in which the "monetary relief claims of 100 or more **persons** are proposed to be tried jointly," thus satisfying CAFA's requirement for mass actions that 100 or more persons seek monetary relief.  28 U.S.C.  § 1332(d)(11)(B)(i) (emphasis added).  The State is seeking redress based on alleged violations affecting "thousands" of deeds of trust in the State of Washington.  Compl. 2, ¶ 4.1.  Additionally, ReconTrust's records indicate that it has conducted over 6,500 foreclosure sales in Washington since June 12, 2008.

### Common Questions of Law and Fact

23.     Resolution of the restitution claims will involve common questions of law and fact.  In the **FACTS** section of the Complaint, the State alleges that ReconTrust engaged in the same sort of allegedly wrongful conduct across all of the deeds of trust for which it acted as successor trustee.  Compl. 3-9; Compl. 3, ¶ 5.2 ("ReconTrust engages in the [wrongful] acts [described] below as a matter of practice.").  While ReconTrust disputes that the commonality requirement for class action certification is satisfied in this case, whether or not the conduct alleged in the Complaint is in fact wrongful requires resolution of some common questions of law and fact.

### CLASS ACTION DIVERSITY JURISDICTION

24.     The State Court Action is also removable as a purported class action under CAFA.  A class action is removable under CAFA if: (1) any class member is a citizen of a state different from any defendant; (2) the aggregate amount in controversy exceeds $5 million; and (3) the number of alleged class members is at least 100.  28 U.S.C. §§ 1332(d)(2), (5)(B).

25.     These requirements of minimal diversity, amount in controversy, and numerosity are all satisfied for the reasons set forth above.

NOTICE OF REMOVAL TO FEDERAL COURT - 8
Case No.  2:11-cv-1460

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

116589.0310/5158168.2

26.     For purposes of CAFA, the State Court Action constitutes an alleged class action even though it was not filed under Federal Rule of Civil Procedure 23 or Washington Civil Rule 23.  CAFA authorizes removal of state court cases brought pursuant to a state statute or rule "authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).

27.     Courts do not give determinative weight to procedural labels where it is clear that a case is in the nature of a class action.  *See Caldwell*, 536 F.3d at 424 ("'Generally speaking, lawsuits that resemble a purported class action should be considered class action for the purpose of applying these provisions.  Its application should not be confined solely to lawsuits that are labeled 'class actions' by the named plaintiff or the state rulemaking authority.'") (quoting S. Rep. No. 109-14, at 35).  Here, as in *Caldwell*, the State's claims for monetary relief paid directly to large numbers of affected borrowers effectively creates a class of interested individuals, even if the case is not labeled a class action at the time of filing.

28.     Indeed, this action functions as a class action in material respects and for purposes of CAFA.  The State seeks to recover restitution on behalf of "thousands" individual borrowers, as set forth above.  The State repeatedly alleges common questions of law and fact, as set forth in paragraph 23.  Finally, the entire premise for this action is that the State can adequately represent the interests of hundreds (or thousands) of borrowers.  The Complaint thus contains the allegations traditionally found in a class action complaint—numerosity, commonality, typicality, and adequacy of representation.[5]

## **PROCEDURAL REQUIREMENTS**

29.     **Removal to this Court Is Proper**.  Pursuant to 28 U.S.C. §§ 1441(a)-(b) and 1446(a), ReconTrust files this Notice of Removal in the United States District Court for the Western District of Washington, which is the federal district court embracing the state court

---

[5] Although the State appears to allege the elements of a class action, ReconTrust dispute that the State Court Action in fact meets those requirements.

NOTICE OF REMOVAL TO FEDERAL COURT - 9
Case No.  2:11-cv-1460

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

116589.0310/5158168.2

1  where Plaintiff has brought the State Court Action—in King County, Washington.  Venue is

2  proper in this district pursuant to 28 U.S.C. 1391(b) and 28 U.S.C. 128(a).

3       30.   **Removal Is Timely**.  The Complaint was first served on ReconTrust on August

4  5, 2011.  Receipt of the Complaint on this date constitutes the first notice of the State Court

5  Action or of federal jurisdiction over the State Court Action for ReconTrust.  ReconTrust has

6  filed this Notice within 30 days after receipt of the Complaint in the State Court Action, and as

7  such, removal is timely.  *See* 28 U.S.C. § 1446(b).

8       31.   **Bond and Verification.**  Pursuant to Section 1016 of the Judicial Improvements

9  and Access to Justice Act of 1988, no bond is required in connection with this Notice of

10  Removal.  Pursuant to Section 1016 of the Act, this Notice need not be verified.

11       32.   **Signature**.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

12  *See* 28 U.S.C. § 1446(a).

13       33.   **Consent**.  ReconTrust is the only defendant in this action and consents to

14  removal to Federal Court.  *See* 28 U.S.C. § 1446(a).

15       34.   **Pleadings and Process**.  True and correct copies of the pleadings on file in the

16  State Court Action, including a current docket sheet, are attached as exhibits to the Declaration

17  of John S. Devlin III in Support of Notice of Removal to Federal Court.  *See* 28 U.S.C. §

18  1446(a).  ReconTrust has paid the appropriate filing fee to the Clerk of this Court upon the

19  filing of this Notice.

20       35.   **Notice**.  ReconTrust will promptly serve the State and file with this Court its

21  Notice of Removal to Plaintiff, informing the State that this matter has been removed to federal

22  court.  *See* 28 U.S.C. §§ 1446(a), (d).  ReconTrust will also promptly file with the Clerk of the

23  Superior Court of Washington, County of King, and serve on Plaintiff, a Notice to Clerk of

24  Removal to Federal Court, pursuant to 28 U.S.C. § 1446(d).

25       WHEREFORE, this action should proceed in the United States District Court for the

26  Western District of Washington, as an action properly removed thereto.

27  ///

NOTICE OF REMOVAL TO FEDERAL COURT - 10
Case No.  2:11-cv-1460

116589.0310/5158168.2

1    DATED:  September 2, 2011.

2                                                  LANE POWELL PC

3

4                                          By /s/ John S. Devlin III

5                                              /s/ Andrew G. Yates

6                                              /s/ Abraham K. Lorber
                                              John S. Devlin III, WSBA No. 23988
7                                            Andrew G. Yates, WSBA No. 34239
                                              Abraham K. Lorber, WSBA No. 40668
8                                            1420 Fifth Avenue, Suite 4100
                                              Seattle, WA  98101
9                                            Telephone: 206-223-7000
                                              Facsimile:  206-223-7107
10                                           Email: devlinj@lanepowell.com
                                                      yatesg@lanepowell.com
11                                                    lorbera@lanepowell.com

12

13                                          Attorneys for Defendant ReconTrust Company,
                                              N.A.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF REMOVAL TO FEDERAL COURT - 11
Case No.  2:11-cv-1460

116589.0310/5158168.2

1

## CERTIFICATE OF SERVICE

2

3          Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury under

4    the laws of the State of Washington, that on the 2nd day of September, 2011, the document

5    attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF

6    system.  In accordance with their ECF registration agreement and the Court's rules, the Clerk of

7    the Court will send e-mail notification of such filing to the following persons:

8

9    and I hereby certify that I caused the document to be delivered via Legal Messenger to the

10   following non-CM/ECF participants:

11   Mr. James T. Sugarman
     Assistant Attorney General
12   Office of the Attorney General of Washington
     Consumer Protection Division
13   800 Fifth Avenue, Suite 2000
     Seattle, WA  98104-3188
14   Telephone: (206) 464-7745
     Facsimile: (206) 389-5636
15   E-Mail: jamess6@atg.wa.gov

16

17

18          Executed on 2nd day of September, 2011, at Seattle, Washington.

19

20                                    _s/Leah Burrus_
                                      Leah Burrus

21

22

23

24

25

26

27

NOTICE OF REMOVAL TO FEDERAL COURT - 12
Case No.  2:11-cv-1460

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

116589.0310/5158168.2