# Exhibit A

4



**WASHINGTON COURTS**

Courts Home  |  Search Case Records



Search | Site Map | [?]  eService Center

Home  |  Summary Data & Reports  |  Resources & Links  |  Get Help

# Superior Court Case Summary

**Court:** King Co Superior Ct
**Case Number:** 11-2-26867-5

| Sub | Docket Date | Docket Code | Docket Description | Misc Info |
|-----|-------------|-------------|-------------------|-----------|
| 1 | 08-05-2011 | COMPLAINT | Complaint | |
| 2 | 08-05-2011 | SET CASE SCHEDULE JDG0052 | Set Case Schedule Judge Bruce Heller, Dept 52 | 01-28-2013ST |
| 3 | 08-05-2011 | CASE INFORMATION COVER SHEET LOCS | Case Information Cover Sheet Original Location - Seattle | |
| 4 | 08-05-2011 | SUMMONS | Summons | |
| 5 | 08-05-2011 | INVOICE VOUCHER | Invoice Voucher | |
| 6 | 08-10-2011 | AFFIDAVIT/DCLR/CERT OF SERVICE | Affidavit/dclr/cert Of Service | |
| 7 | 08-25-2011 | NOTICE OF APPEARANCE | Notice Of Appearance /deft | |

# About Dockets

**About Dockets**
You are viewing the case docket or case summary. Each Court level uses different terminology for this case. For all court levels, it is a list of activities or documents related to the case. District and municipal court dockets tend to include many case details, while superior court dockets limit themselves to official documents and orders related to the case.

If you are viewing a district municipal, or appellate court docket, you may be able to see future court appearances or calendar dates if there are any. Since superior courts generally calender their caseloads on local systems, this search tool cannot diplay superior court calendering information.

**Directions**
King Co Superior Ct
516 3rd Ave, Rm C-203
Seattle, WA 98104-2361
**Map & Directions**
206-296-9100[Phone]
206-296-0986[Fax]
**Visit Website**

**Disclaimer**

**What is this website?** It is an index of cases filed in the municipal, district, superior, and appellate courts of the state of Washington. This index can point you to the official or complete court record.

**How can I obtain the complete court record?** You can contact the court in which the case was filed to view the court record or to order copies of court records.

5

# Exhibit B

**STATE OF WASHINGTON**
**KING COUNTY SUPERIOR COURT**

STATE OF WASHINGTON,

                Plaintiff,

    v.

RECONTRUST COMPANY, N.A.,

                Defendant.

NO.

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF UNDER THE CONSUMER PROTECTION ACT

The Plaintiff, State of Washington, by and through its attorneys Robert M. McKenna, Attorney General, and James T. Sugarman, Assistant Attorney General, brings this action against the defendant named below.  The State alleges the following on information and belief:

## I.  PLAINTIFF

1.1    The Plaintiff is the State of Washington.

1.2    The Attorney General is authorized to commence this action pursuant to RCW 19.86.080 and RCW 19.86.140.

## II.  DEFENDANT

2.1    Defendant RECONTRUST COMPANY, N.A, (ReconTrust or Defendant) is a for-profit business entity permitted by the U.S. Office of the Comptroller of the Currency as a nondepository, uninsured, limited-purpose national trust bank.

2.2    ReconTrust is a California corporation and is a wholly-owned subsidiary of Bank of America, N.A.

COMPLAINT - 1

7

2.3   ReconTrust forecloses loans serviced by Bank of America, N.A. and its wholly-owned subsidiary, BAC Home Loans Servicing, L.P.

2.4   ReconTrust claims CT Corporation, 1801 West Bay Drive NW, Suite 206, Olympia, WA 98502 as its sole registered agent for service of process.

2.5   ReconTrust claims CT Corporation, 1801 West Bay Drive NW, Suite 206, Olympia, WA 98502 as its sole "physical presence" in the State of Washington pursuant to RCW 61.24.030(6).

2.6   ReconTrust is acting as a foreclosure trustee in the State of Washington.

2.7   Foreclosure trustees are responsible for conducting nonjudicial foreclosures, called trustee's sales, in accordance with the Deed of Trust Act, RCW 61.24 *et al*, and the terms of the mortgage transaction documents.

2.8   Foreclosure trustees must perform their duties in good faith and owe that duty to the borrower and the beneficiary. RCW 61.24.010(4). A foreclosure trustee may not be the same entity as the beneficiary. RCW 61.24.020.

### III.   JURISDICTION AND VENUE

3.1   The State files this complaint and institutes these proceedings under the provisions of the Consumer Protection Act, RCW 19.86.

3.2   The Defendant has engaged in the conduct set forth in this complaint in King County and elsewhere in the state of Washington.

3.3   Venue is proper in King County pursuant to RCW 4.12.020 and RCW 4.12.025.

### IV.   SUMMARY OF ENFORCEMENT ACTION

4.1   Defendant is now, and has been at all times relevant to this lawsuit, acting as a trustee on thousands of deeds of trust throughout the State of Washington and is thus engaged in trade or commerce within the meaning of RCW 19.86.020.

4.2   Homeowners facing foreclosure are captive to ReconTrust's trustee services. Homeowners cannot shop around for another trustee, they cannot negotiate the cost of

COMPLAINT - 2

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

1  ReconTrust's services or the cost of the third party services ReconTrust chooses, and they

2  cannot direct ReconTrust's activities.   This vulnerable situation is compounded for

3  homeowners by the complexities of the foreclosure process, by the homeowners' highly

4  distressed financial circumstances, and the high stakes nature of the proceeding.  Foreclosure

5  sales are usually irreversible. Any defense must be asserted before the sale occurs.  Because

6  courts are not involved in foreclosures, homeowners' only protections are the detailed

7  procedures and requirements contained in the Deed of Trust Act, and a neutral foreclosure

8  trustee who insures those procedures are followed to the letter.

9       4.3    ReconTrust is a foreclosure trustee that has failed to comply with the procedures

10  of the Deed of Trust Act in each and every foreclosure it has conducted since at least June 12,

11  2008, and it is a trustee who is wholly owned by the loan servicer seeking to foreclose.

12  <center>**V.     FACTS**</center>

13       5.1    ReconTrust regularly acts as a successor trustee for deeds of trust secured by

14  residential real property located in the State of Washington.

15       5.2    ReconTrust has been at all times relevant to this action in competition with

16  others engaged in similar activities in the state of Washington and engages in the acts below as

17  a matter of practice.

18  **ReconTrust Fails to Maintain an Office in the State of Washington as Required by**
    **Law.**

19

20       5.3    Defendant has failed to maintain the statutorily-required physical presence in

    the State of Washington, with telephone service at that address. RCW 61.24.030(6).

21

22            a.    By issuing Notices of Trustee's Sale, conducting trustee's sales, and

23                issuing Trustee's Deeds without maintaining the required physical

                  presence, Defendant has misrepresented its authority to issue such

24                notices, conduct trustee's sales, and issue Trustee's Deeds.

25

26

COMPLAINT - 3

9

b.   By conducting the nonjudicial foreclosure process while failing to maintain a physical presence with telephone service, the Defendant has unfairly: i) prevented homeowners from having face-to-face contact with their trustee, ii) prevented homeowners from gaining responses to time-sensitive foreclosure issues, iii) prevented homeowners from physically presenting time-sensitive payments to stop a foreclosure, iv) prevented homeowners from delivering payments in a manner that insures that the beneficiary can not deny payment was made, v) prevented homeowners from physically presenting mortgage-related documents in a manner that will stop the beneficiary from claiming the homeowner failed to provide such documents, and vi) potentially clouded title to homes it has sold at auction.

**ReconTrust Fails to Conduct Foreclosures as a Neutral Third Party With a Duty of Good Faith Towards the Borrower and the Lender.**

5.4   As a trustee on deeds of trust, Defendant has a duty of good faith towards the borrower and grantor on the deed of trust, as well as to the beneficiary.

5.5   ReconTrust has agreements with beneficiaries and/or their agents to the effect that ReconTrust will only cancel or continue non-judicial foreclosure sales if the beneficiary or agent approves.

5.6   When borrowers have asked ReconTrust to cancel a sale date because of issues they believe require cancellation or continuance of the sale, ReconTrust has told borrowers that it will not or cannot stop a sale without the permission of the lender or servicer.

5.7   ReconTrust has committed unfair and deceptive acts and violated its duty of good faith by noticing and conducting trustee sales while failing to perform statutory requisites for conducting such sales as contained in the Deed of Trust Act, RCW 61.24.030 and .040. Those failures include:

COMPLAINT - 4

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

10

a.     Failing to maintain a physical presence with telephone service at that address.

b.     Failing to identify the actual owner of the Promissory Note in the Notice of Default.

c.     Failing to obtain proof that the beneficiary is the owner of the promissory note secured by the deed of trust.

d.     Failing to clearly and conspicuously identify in the Notice of Trustee's Sale the defaults, other than nonpayment, that entitle the beneficiary to foreclose and which may be cured by the borrower. Instead, ReconTrust's Notices identify every possible default and demand those defaults be cured whether those defaults have actually occurred or not.

e.     Conducting foreclosure sales in non-public places such as the garage of a private office building and a hotel ballroom.

f.     Creating or using documents essential to a valid trustee's sale, or to a reconveyance of the deed of trust, that are improperly executed, notarized or sworn to, including: i) documents that were not signed in front of a notary, ii) documents that had both the signature and notarization applied mechanically while claiming that the signatory personally appeared before the notary, iii) using signatories who simultaneously claim to be officers of the beneficiary, of MERS, and of a servicer, all while actually being employees of ReconTrust, and iv) executing documents without direct knowledge of the facts contained therein.

g.     Conducting joint prosecution and/or defense of legal claims with the beneficiary or its agent on matters related to its duty of good faith to the borrower.

COMPLAINT - 5

11

5.8     Homeowners have the right to stop a foreclosure by paying an amount (the "reinstatement amount") set by statute and itemized by the foreclosure trustee. RCW 61.24.090.

5.9     The Deed of Trust Act limits the reinstatement amount to the following charges: arrearages on the loan; expenses "actually incurred" by the trustee to enforce the note; a reasonable trustee's fee; a reasonable attorney's fee; and, the costs of recording a notice of discontinuance of the foreclosure. RCW 61.24.090 (1)(a) and (b).

5.10    Defendant has failed to properly itemize and/or misrepresented the reinstatement amount by, including but not limited to, overcharging for recording fees, posting fees, and mailing fees.

5.11    By demanding inaccurate amounts and failing to properly itemize amounts, Defendant has prevented borrowers from determining whether fees are reasonable, has overcharged borrowers and has prevented borrowers from curing their default within the statutory guidelines for reinstatement.

**ReconTrust Conceals or Misrepresents the Identity of the Actual Owner of the Debt.**

5.12    Defendant systematically conceals, misrepresents or inaccurately divulges the true parties to the mortgage transaction in its foreclosure notices and related documents.

      a.     ReconTrust accepts and records in county land records Appointments of Successor Trustee from purported beneficiaries such as Bank of America, NA, knowing, or duty-bound to know, that they are not the holders of the loans and are therefore not beneficiaries under the Deed of Trust Act.

      b.     In Notices of Default, ReconTrust misrepresents the owner of the Promissory Note by only naming the servicer, such as BAC Home Loans Servicing, LP, when the actual owner is a securitization trust.

COMPLAINT - 6

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

12

1  Defendant does not identify the actual owner anywhere on the Notices

2  of Default. The Deed of Trust Act requires ReconTrust to identify both

3  the owner of the note and the servicer of the note, with their respective

4  addresses, as well as the servicer's phone number, on each Notice of

5  Default. RCW 61.24.030(8)(l).

6  c.  In a form document with the title "Important Legal Notice" ReconTrust

7  claims that BAC Home Loans Servicing, LP is the "Creditor to whom

8  the debt is owed" when Defendant knows, or should know, that BAC is

9  not the creditor to whom the debt is owed.

10  d.  In Notices of Trustee's Sale ReconTrust claims that the current

11  beneficiary is "BAC Home Loans Servicing, LP FKA Countrywide

12  Home Loans Servicing LP, (BAC)", or "Bank of America, N.A,

13  Successor by Merger to BAC Home Loans Servicing, LP FKA

14  Countrywide Home Loans Servicing LP", when Defendant knows or

15  should know that these entities are loan servicers and not beneficiaries of

16  the deed of trust. In some Notices of Trustee's Sale, Defendant fails to

17  name any current beneficiary.

18  e.  In Notices of Trustee's Sale ReconTrust claims that the deed of trust

19  secures an obligation in favor of Mortgage Electronic Registration

20  Systems, Inc, (MERS) as beneficiary, when Defendant knows or should

21  know that MERS is never the party to whom the obligation is owed.

22  f.  In its Trustee's Deeds ReconTrust claims that the promissory note was

23  executed in favor of MERS when MERS never appears in promissory

24  notes and is never the party to be repaid.

25  g.  In its Trustee's Deeds ReconTrust claims that BAC Home Loans

26  Servicing, LP FKA Countrywide Home Loans Servicing LP, was "the

COMPLAINT - 7

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

1   holder of the indebtedness secured by the Deed of Trust" at the time it

2   requested that the Defendant foreclose when Defendant knew or should

3   have known BAC was not the holder of the indebtedness.

4   **ReconTrust's Trustee's Deeds Contain Material Misrepresentations.**

5   5.13   ReconTrust's duty of good faith includes creating and recording a Trustee's

6   Deed after the foreclosure sale which transfers the property from the homeowner to the highest

7   bidder at the foreclosure auction.

8   5.14   The Trustee's Deed must recite facts showing that the sale was conducted in

9   compliance with the specific requirements of the Deed of Trust Act so that the successful

10   bidder at the sale may rely on these recitals as conclusive evidence the Act was followed, and

11   clear title is delivered. RCW 61.24.040(7).

12   5.15   ReconTrust's Trustee's Deeds claim that it has complied with every provision

13   of the Deed of Trust Act when ReconTrust does not comply with every provision of that Act.

14   ReconTrust believes the Deed of Trust Act is preempted by federal law and therefore

15   consciously does not comply with provisions of the Act.

16   5.16   ReconTrust's Trustee's Deeds claim that copies of the Note were served on the

17   homeowner when Defendant knew or should have known that copies of the Note were not

18   delivered to the homeowner.

19   5.17   ReconTrust's Trustee's Deeds make contradictory assertions regarding a

20   material fact of the trustee's sale: whether the transaction was sold to the highest bidder for

21   cash or whether it was a "credit bid" where the owner of the debt bid the amount owing in

22   satisfaction of the debt.  This distinction has important ramifications regarding title, excise tax

23   consequences, and whether a void foreclosure can be set aside.

24   5.18   Defendant's failures to abide by the Deed of Trust Act have concealed material

25   information needed by homeowners to assert rights and defenses stemming from their loan

26   transaction, to meaningfully negotiate the terms of a loan modification, to exercise their

COMPLAINT - 8

14

1 | statutory right to reinstate their mortgage, to cure their defaults, and to postpone or stop a

2 | foreclosure sale.

3 | **VI.    CAUSES OF ACTION**

4 | **A.    Misrepresentations**

5 | 6.1    In the course of conducting its business Defendant made numerous

6 | misrepresentations and failed to disclose material terms as alleged in paragraphs 1.1 through 5.18.

7 | Such conduct constitutes unfair or deceptive acts or practices in trade or commerce, and/or unfair

8 | methods of competition in violation of RCW 19.86.020, is contrary to the public interest, and is

9 | not reasonable in relation to the development and preservation of business.

10 | **B.    Unfair Practices**

11 | 6.2    In the course of conducting its business Defendant engaged in numerous unfair

12 | acts and practices as alleged in paragraphs 1.1 through 5.18.    Such conduct constitutes unfair

13 | practices and violates RCW 19.86.020, is contrary to the public interest, and is not reasonable in

14 | relation to the development and preservation of business.

15 | **VII.    PRAYER FOR RELIEF**

16 | **WHEREFORE**, Plaintiff, State of Washington, prays for relief as follows:

17 | 7.1    That the Court adjudge and decree that the Defendant has engaged in the conduct

18 | complained of herein.

19 | 7.2    That the Court adjudge and decree that the conduct complained of constitutes

20 | unfair or deceptive acts and practices and an unfair method of competition and is unlawful in

21 | violation of the Consumer Protection Act, Chapter 19.86 RCW.

22 | 7.3    That the Court issue a permanent injunction enjoining and restraining the

23 | Defendant, and its representatives, successors, assigns, officers, agents, servants, employees, and

24 | all other persons acting or claiming to act for, on behalf of, or in active concert or participation

25 | with the Defendant, from continuing or engaging in the unlawful conduct complained of herein.

26 |

COMPLAINT - 9

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

1         7.4     That the Court assess civil penalties, pursuant to RCW 19.86.140, of up to two

2 thousand dollars ($2,000) per violation against the Defendant for each and every violation of

3 RCW 19.86.020 caused by the conduct complained of herein.

4         7.5     That the Court make such orders pursuant to RCW 19.86.080 as it deems

5 appropriate to provide for restitution to consumers of money or property acquired by the

6 Defendant as a result of the conduct complained of herein.

7         7.6     That the Court make such orders pursuant to RCW 19.86.080 to provide that the

8 plaintiff, State of Washington, have and recover from the Defendant the costs of this action,

9 including reasonable attorneys' fees.

10         7.7     For such other relief as the Court may deem just and proper.

11       DATED this 4th day of August, 2011.

12

13                        ROBERT M. MCKENNA
                        Attorney General

14

15                        James T. Sugarman, WSBA #39107

16                        Assistant Attorney General
                        Attorneys for Plaintiff

17                        State of Washington

18

19

20

21

22

23

24

25

26

COMPLAINT - 10

16

# Exhibit C

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| State of Washington | NO.  11-2-26867-5    SEA |
| | Order Setting Civil Case Schedule (*ORSCS) |
| Plaintiff(s) | |
| vs | |
| Recontrust Company, N.A. | ASSIGNED JUDGE  Heller_____ 52 |
| | FILE DATE:                    08/05/2011 |
| Defendant(s) | TRIAL DATE:                **01/28/2013** |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (Schedule)** on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

***"I understand that I am required to give a copy of these documents to all parties in this case."***

_____ | _____
Print Name                                              Sign Name

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$230** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule.  The court will review the confirmation of joinder document to determine if a hearing is required.  If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed.  If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

Order Setting Civil Case Schedule (*ORSCS)          REV. 12/08    2

19

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | | Filing Needed |
|---|---|---|---|
| Case Filed and Schedule Issued. | Fri | 08/05/2011 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | Fri | 01/13/2012 | * |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [See KCLCR 4.2(a) and Notices on Page 2]. | Fri | 01/13/2012 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [See KCLCR 82(e)]. | Fri | 01/27/2012 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [See KCLCR 26(b)]. | Mon | 08/27/2012 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [See KCLCR 26(b)]. | Mon | 10/08/2012 | |
| DEADLINE for Jury Demand [See KCLCR 38(b)(2)]. | Mon | 10/22/2012 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [See KCLCR 40(e)(2)]. | Mon | 10/22/2012 | * |
| DEADLINE for Discovery Cutoff [See KCLCR 37(g)]. | Mon | 12/10/2012 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | Mon | 12/31/2012 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)]. | Mon | 01/07/2013 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(2)] | Mon | 01/07/2013 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | Mon | 01/14/2013 | |
| Joint Statement of Evidence [See KCLCR (4)(k)]. | Tue | 01/22/2013 | * |
| DEADLINE for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Tue | 01/22/2013 | * |
| Trial Date [See KCLCR 40]. | Mon | 01/28/2013 | |

## III. ORDER

Pursuant to King County Local Civil Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED:   08/05/2011

*Richard F. McDermott*

_____

**PRESIDING JUDGE**

20

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule.  The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:**  If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:**  Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx .  If parties wish to request a CR 16 conference, they must contact the assigned court.  Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand.  Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held.  FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:**  Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court.  The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx  to confirm trial judge assignment.  Information can also be obtained by calling (206) 205-5984.

## MOTIONS PROCEDURES

**A. Noting of Motions**

**Dispositive Motions:**  All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge.  The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules.  Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

21

**Nondispositive Motions:**  These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered.  All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements.  Rather than noting a time of day, the Note for Motion should state "Without Oral Argument."  Local Civil Rule 7 governs these motions, which include discovery motions.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge.  All other motions should be noted and heard on the Family Law Motions calendar.  Local Civil Rule 7 and King County Family Law Local Rules govern these procedures.  The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:**   Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time.  However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

## B. Original Documents/Working Copies/ Filing of Documents

**All original documents must be filed with the Clerk's Office.**  Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court.  The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.  On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application.  The filer must still serve any others who are entitled to service but who have not opted in.  E-Service generates a record of service document that can be e-filed.  Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion.  Do not file the original of the proposed order with the Clerk of the Court.   Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge.  If that judge is absent, contact the assigned court for further instructions.  If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

22

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.** Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

**C.    Form**

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

*Richard F. McDermott*

_____

**PRESIDING JUDGE**

23

# Exhibit D

FILED

11 AUG 05 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-26867-5 SEA

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| State of Washington | NO. 11-2-26867-5 SEA |
| VS | |
| Recontrust Company, N.A. | CASE INFORMATION COVER SHEET AND AREA DESIGNATION |

CAUSE OF ACTION

**(INJ) -**    OTHER COMPLAINTS/PETITIONS

AREA DESIGNATION

**SEATTLE -**    Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

25

# Exhibit E

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**STATE OF WASHINGTON**
**KING COUNTY SUPERIOR COURT**

| STATE OF WASHINGTON, | NO. |
|---|---|
| Plaintiff, | SUMMONS |
| v. | |
| RECONTRUST COMPANY, N.A., | |
| Defendant. | |

**TO THE DEFENDANT:**   RECONTRUST COMPANY, N.A.

A lawsuit has been started against you in the above entitled court by State of Washington, Plaintiff.  Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the undersigned attorney for Plaintiff within 20 days after the service of this Summons; or if served outside the State of Washington, within sixty (60) days after service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice.  A default judgment is one where Plaintiff is entitled to what he asks for because you have not responded.  If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

SUMMONS - 1

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

27

1    You may demand that the Plaintiff file this lawsuit with the court.  If you do so, the

2  demand must be in writing and must be served upon the person signing this Summons.

3  Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the court,

4  or the service on you of this Summons and Complaint will be void.

5    If you wish to seek the advice of an attorney in this matter, you should do so promptly

6  so that your written response, if any, may be served on time.

7    This Summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the

8  State of Washington.

9    DATED this _4th_ day of August, 2011.

10

11        ROBERT M. MCKENNA
          Attorney General

12

13        JAMES SUGARMAN, WSBA #39107

14        Assistant Attorney General
          Attorneys for Plaintiff

15        State of Washington

16

17

18

19

20

21

22

23

24

25

26

SUMMONS - 2

28

# Exhibit F

FILED

| FORM A19-1A Rev 8/2010 | STATE OF WASHINGTON **INVOICE VOUCHER** |
|---|---|

| AGENCY USE ONLY | | | |
|---|---|---|---|
| AGENCY NO. | LOCATION /FILING CODE | 11 AUG 05 AM 9:00 AGENCY P.A/AUTH | USE TAX |
| **1000** | | | |

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-26867-5 SEA

**AGENCY NAME**

**Attorney General of Washington**
**Consumer Protection Division**
**800 Fifth Avenue, Suite 2000**
**Seattle, WA  98104**

**INSTRUCTIONS TO VENDOR:** Submit this form to claim payment for materials, merchandise, or services.  Show complete detail for each item.

**VENDOR'S CERTIFICATE:** I hereby certify under penalty of perjury that the items and totals listed herein are proper charges for materials, merchandise, or services furnished to the State of Washington, and that all goods furnished and/or services rendered have been provided without discrimination because of age, sex, marital status, race, creed, color, national origin, handicap, religion, or Vietnam era or disabled veterans status.

**VENDOR OR CLAIMANT (Warrant is to be payable to)**

**King County Superior Court**
**516 Third Avenue, Room E609**
**Seattle, WA  98104**

By _____
(SIGN IN INK)

_____
(TITLE)                          (DATE)

| PAYMENT TYPE | |
|---|---|

| VENDOR NO (FED ID, SOC SEC, or SWV #) | OMWBE Code | RECEIVED BY | DATE RECEIVED |
|---|---|---|---|
| **91-6001327** | | | |

| DATE | DESCRIPTION | QUANTITY | UNIT | UNIT PRICE | AMOUNT | FOR AGENCY USE |
|---|---|---|---|---|---|---|
| 08/03/11 | Filing Fee for new civil matter for | 1 | | 230.00 | 230.00 | |
| | Summons and Complaint | | | | - | |
| | | | | | - | |
| | | | | | - | |
| | | | | | - | |
| | | | | | - | |
| | | | | | - | |
| | | | | | - | |
| | | | | | - | |
| | | | | TOTAL | 230.00 | |

| DIVISION USE | Vendor Selected by: AGO | | Other | | | |
|---|---|---|---|---|---|---|
| | Div Code:  2300 2001 | Matter Number: 1049 9887 | | Case or Docket No.: | | |
| | Case Name:  Recontrust | Client Agency Code: 4100 P | | | Allocation Code:4100 P | |

| Prepared by: **Lesli Ashley** | Phone Number **206-389-2104** | Agency Approval - Print Name **Cynthia Lockridge** | Signature | Date **8-4-11** |
|---|---|---|---|---|
| Current Document No | Reference Document No | Account Number | | Vendor Message |

| Trans Code | Master Index Program Index | Fund | Sub Obj | Sub Sub Object | GL | MG | MS | Alloc Code | Budget Unit | Project | Amount | Invoice Date | Invoice Number |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

| Accounting approval for payment | | Date | Warrant Total | Warrant Number |
|---|---|---|---|---|

30

# Exhibit G



**FILED**

11 AUG 10  AM 10: 45

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

1

2

3

4

5

6

7

## SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON

8

STATE OF WASHINGTON
                    Plaintiff/Petitioner

9

Cause #:   11-2-26867-5SEA

10

Declaration of Service of:

vs.
RECONTRUST COMPANY, N.A.

11

SUMMONS; COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF UNDER THE CONSUMER PROTECTION ACT; ORDER SETTING CIVIL CASE SCHEDULE
                    Defendant/Respondent

12

13

Hearing Date:

14

15

Declaration:

16

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

17

18

On the date and time of Aug  5 2011 12:20PM at the address of 1801 WESTBAY DR NW SUITE 206 OLYMPIA, within the County of THURSTON, State of WASHINGTON, the declarant duly served the above described documents upon RECONTRUST COMPANY, N.A.   by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with TREVOR GAROUTTE AGENT AUTHORIZED TO ACCEPT SERVICE FOR REG. AGENT.

19

20

No information was provided that indicates that the subjects served are members of the U.S. military.

21

22

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: August 5, 2011 at Olympia, WA

23

24

by _____                         Service Fee Total: $ 98.00

25

            S. Treiber    PSR2009-0311-06

26

27

28



ABC Legal Services, Inc.
206 521-9000
Tracking #: 6874677

**ORIGINAL**
**PROOF OF SERVICE**

Page 1 of 1

10522130
Attorney General - Consumer Protection
800 5th Ave, #2000
Seattle, WA  98104
206 389-2139

32

# Exhibit H

FILED

11 AUG 25 AM 11:12

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-26867-5 SEA

THE HONORABLE BRUCE HELLER

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| State of Washington,           ) | NO. 11-2-26867-5 SEA |
|                Plaintiff, ) | |
|                      ) | NOTICE OF APPEARANCE |
| v.                     ) | |
|                      ) | |
| Recontrust Company, N.A.,    ) | |
|                      ) | |
|            Defendant. ) | |

TO:       The Clerk of the Court

AND TO:  Plaintiff State of Washington, and James T. Sugarman and the Office of the Attorney General of Washington, its attorneys of record

     PLEASE TAKE NOTICE that defendant ReconTrust Company, N.A., hereby enters its appearance in the above-entitled action by its attorneys, John S. Devlin, and Andrew G. Yates, and the law firm of Lane Powell PC, without waiving objections as to improper service or jurisdiction, plaintiff's identification of defendant in the caption, or removal to federal court, and respectfully request that all papers and pleadings in said cause, other than process, be served upon the undersigned attorneys at their office below stated.

///

///

///

///

NOTICE OF APPEARANCE - 1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

16589.0310/5160365.1

1    DATED:  August 25, 2011

2

3                                        LANE POWELL PC

4

5                                        By s/John S. Devlin
                                            John S. Devlin III, WSBA No. 23988
6                                           Andrew G. Yates, WSBA No. 34239
                                            1420 Fifth Avenue, Suite 4100
7                                           Seattle, WA  98101
                                            Telephone: 206-223-7000
8                                           Facsimile:  206-223-7107
                                            Email: devlinj@lanepowell.com
9                                                  yatesa@lanepowell.com

10                                       Attorneys for Defendant ReconTrust
                                         Company, N.A.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF APPEARANCE - 2

16589.0310/5160365.1

35

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2011, I caused to be served a copy of the foregoing

**NOTICE OF APPEARANCE** on the following person(s) in the manner indicated below

at the following address(es):

Mr. James T. Sugarman
Assistant Attorney General
Office of the Attorney General of Washington
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
Telephone: (206) 464-7745
Facsimile: (206) 389-5636
E-Mail: jamess6@atg.wa.gov


☐   by **CM/ECF**
☑   by **Electronic Mail**
☐   by **Facsimile Transmission**
☑   by **First Class Mail**
☐   by **Hand Delivery**
☐   by **Overnight Delivery**


_s/Leah Burrus_
Leah Burrus

NOTICE OF APPEARANCE - 3

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

16589.0310/5160365.1

36