THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>RECONTRUST COMPANY N.A.,<br><br>　　　　　　Defendant. | NO. 2:11-cv-01460-JLR<br><br>STATE OF WASHINGTON'S MOTION TO REMAND<br><br>NOTE ON MOTION CALENDAR:<br>**NOVEMBER 18, 2011** |

## I.　INTRODUCTION

The State of Washington filed suit against foreclosure trustee ReconTrust Company, N.A., (ReconTrust) in King County Superior Court for violations of the Washington Consumer Protection Act (CPA). Wash. Rev. Code 19.86. The suit seeks enforcement of both the CPA and the Washington Deed of Trust Act, Wash. Rev. Code 19.64, which sets forth the requirements for nonjudicial foreclosures in Washington. There are no federal claims or remedies asserted in the complaint. ReconTrust removed this matter claiming federal jurisdiction under provisions that govern class actions and mass actions in the Class Action Fairness Act of 2005, Pub.L. No. 109-2, 119 Stat. 4, (CAFA). 28 U.S.C. § 1332 (d)(2) and (d)(11). ReconTrust's contention contradicts both the plain language and the intent of CAFA, as the Ninth Circuit recently affirmed in *Washington v. Chimei Innolux Corp.*, No.

STATE OF WASHINGTON'S MOTION TO REMAND -- NO. 2:11-CV-01460-JLR

1

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

11-16862, --- F.3d ---, 2011 WL 4543086 (9th Cir. Oct. 3, 2011) (slip opinion attached).[1] *Chimei*, which was decided after ReconTrust removed this action, affirmed "that *parens patriae* suits filed by state Attorneys General may not be removed to federal court because the suits are not 'class actions' within the plain meaning of CAFA." *Id.* at 5 (slip op.). Thus, binding precedent prohibits federal jurisdiction under CAFA's class action provisions. ReconTrust also attempts to define this case as a "mass action" under CAFA, but this claim fails for the same reasons expressed in *Chimei*. A state Attorney General enforcement action is a *parens patriae* action and there are no grounds for piercing the pleading to find other 'real parties in interest' that would qualify this matter as a mass action.

## II.   ARGUMENT

The State moves to remand pursuant to 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded.") Courts presume federal jurisdiction is not available and this presumption is unchanged by the addition of class and mass action jurisdiction under CAFA. *Chimei*, slip op. at 6-7. The presumption against removal is especially strong where a state is pursuing an enforcement action under state law in its own court. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 21, n. 22, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983) ("considerations of comity make us reluctant to snatch cases ... unless some clear rule demands it"); *See, West Virginia ex rel. McGraw v. CVS Pharmacy, Inc.* 646 F.3d 169, 178 (4th Cir. 2011) ("[A] federal court should be most reluctant to compel ... removal.").

### A.   This Suit is not a Class Action Under CAFA.

CAFA defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule." 28 U.S.C. § 1332(d)(1)(B). This action was not filed under federal rule 23; it was filed in King County with no class allegations under federal law or a state equivalent. The State is not a member of a class and

---

[1] All slip opinions of unpublished district court orders are included in an appendix to this motion.

STATE OF WASHINGTON'S MOTION
TO REMAND -- NO. 2:11-CV-01460-
JLR

2

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

its claims and interests are different than those of private class members. Thus, the State's consumer protection suit and its role as the plaintiff do not have "the fundamental attributes of a consumer class action" – commonality, numerosity and typicality. *Chimei,* slip op. at 9. (*citations omitted*).

This matter is a *parens patriae* action under the CPA to require ReconTrust to cease unfair and deceptive practices and to comply with foreclosure laws. *Compl.* ¶¶ 6.1 – 7.6. The CPA authorizes the State Attorney General to sue "in the name of the state, or as *parens patriae* on behalf of persons residing in the state." Wash. Rev. Code § 19.86.080 (2007). The CPA's purpose is "to protect the public and foster fair and honest competition." Wash. Rev. Code § 19.86.920 (1985). The State has alleged that ReconTrust: conducted thousands of unlawful foreclosures in Washington, *Compl.* ¶¶ 4.1, 4.3; competes with other trustees lawfully engaged in similar practices, ¶ 5.2; publicly misrepresented material facts, ¶ 5.3(a) and 5.14; and, has both harmed consumers and clouded title to real property in the State. ¶ 5.3(b). These are the types of claims the Ninth Circuit has concluded are *parens patriae* claims. *Chimei*, slip op. at 7 (finding that the action was brought in *parens patriae* because it alleged injury to a substantial segment of the State's population and included interests apart from the interests of particular private parties). This suit affects thousands of homeowners subject to ReconTrust foreclosures, potential purchasers of those homes facing clouded titles, and the marketplace for trustees who compete using lawful means. *Compl.* ¶¶ 5.3, 5.7, 5.12, 7.3; *see also West Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d at 172 (a claim for unfair or deceptive trade practices under a state consumer protection law is "a classic *parens patriae* action intended to vindicate the State's quasi-sovereign interests and the individual interests of its citizens.")(*quotations omitted*).

**B.    This Suit is not a Mass Action Under CAFA.**

While *Chimei* directly puts to rest ReconTrust's argument that this matter is a class action, it also denies ReconTrust's theory that this matter is a <u>mass</u> action under CAFA. *Not.*

STATE OF WASHINGTON'S MOTION
TO REMAND -- NO. 2:11-CV-01460-
JLR

3

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

*Removal* at 2-8.[2] Under CAFA a mass action is: "any civil action ... in which monetary relief claims of 100 or more persons are proposed to be tried jointly." 28 USC § 1332(d)(11)(B)(i). Here, the only Plaintiff is the State of Washington. No other plaintiffs are named and no claims are asserted for unnamed plaintiffs. ReconTrust asks the Court to pierce the complaint to get to the "real parties in interest." However, as established by *Chimei*, in CPA enforcement actions the only real party in interest is the State because it is acting as *parens patriae*. *Chimei,* slip op. at 7.

The '100 or more persons' requirements refers to the actual plaintiffs asserting their claims, not to a defendant's characterization of who the interested parties should be. In *Tanoh v. Dow Chemical Co.*, 561 F.3d 945 (9th Cir. 2009) the plaintiffs filed seven separate lawsuits, each with fewer than 100 named plaintiffs. Defendants removed the suits claiming the plaintiffs had "strategically" broken one suit into seven. *Id.* at 951. The Ninth Circuit denied CAFA jurisdiction because mass actions are determined based on the parties actually before the court at the time of removal. *Tonah* points to CAFA's legislative history to show that Congress was referring to the actual plaintiffs when defining a mass action. *Id.* at 954-55 ("Under subsection 1332(d)(11), any civil action *in which 100 or more named parties* seek to try their claims for monetary relief together will be treated as a class action for jurisdictional purposes.") (*emphasis added*) (*citing* S.Rep. No. 109-14, at 46, *reprinted in* 2005 U.S.C.C.A.N. 3, 43-44); *see also Harvey v. Blockbuster, Inc.*, 384 F. Supp. 2d 749, 752-54 (D. N.J. 2005) (reviewing congressional statements exempting AG lawsuits from CAFA). *Tonah* is a direct rejection of a defendant's attempt to create federal jurisdiction by claiming that the true parties are persons other than those named on the face of the complaint. *See,*

---

[2] The Defendant had argued mass action at trial level in *Chimei* but dropped that theory during oral argument at the Ninth Circuit. *California v. AU Optronics Corporation et al. (a/k/a In Re: TFT-LCD (Flat Panel) Antitrust Litigation)*, No. 3:10-cv-05212-SI, 2011 WL 560593, 8 (N.D. Cal. Feb. 15, 2011 (heard in the N.D. Calif. as part of Multi-District Litigation); *accord, Arizona ex rel. Horne v. Countrywide Fin. Corp.*, No. 11-cv-131, 2011 WL 995963 (D. Ariz. Mar. 21, 2011); *South Carolina v. AU Optronics*, No. 3:11-cv-00731, 2011 WL 4344079 (D. S.C. Sept. 14 2011); *Illinois v. AU Optronics*, No. 10-cv-5720, -- F Supp.2d --, 2011 WL 2214034 (N.D. Ill, June 6, 2011).

STATE OF WASHINGTON'S MOTION TO REMAND -- NO. 2:11-CV-01460-JLR

4

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

*California v. AU Optronics Corporation et al. (a/k/a In Re: TFT-LCD (Flat Panel) Antitrust Litigation)*, No. 3:10-cv-05212-SI, 2011 WL 560593, 8 (N.D. Cal. Feb. 15, 2011) slip op. at 3-7; *Missouri ex rel. Koster v. Portfolio Recovery Assocs., Inc.*, 686 F. Supp. 2d 942 (E.D. Mo.2010).[3]

### C. The State, as *Parens Patriae,* is the Only Real Party in Interest to This Litigation

ReconTrust argues that the real parties in interest are the borrowers who have ReconTrust as a trustee because they may receive relief from this litigation. Not. Removal at 3. ReconTrust does not contend that the homeowners have any control over the suit or a right to any relief. ReconTrust does not discuss why homeowners would be the only real parties in interest when there are other persons who will also directly benefit from a successful outcome – e.g. competing trustees who incur the expenses of complying with the physical presence requirements, lenders who pay ReconTrust to perform legally compliant foreclosures, purchasers who will obtain clean title at sale and title insurers who will not have to defend clouded title.

Instead, ReconTrust relies on *Louisiana ex rel. Caldwell v Allstate Ins. Co.*, 536 F.3d 418 (5th Cir. 2008) which found a state action seeking treble damages to be a mass action. It is worth noting that the Ninth Circuit in *Chimei* only mentions *Caldwell* in a footnote, probably because it assumed without question that the Attorney General suits were *parens patriae* actions and therefore it did not need to engage in any piercing of the pleading to find unnamed persons as the real party in interest. *Chimei,* slip op. at 4.

According to ReconTrust, *Caldwell* pierced the pleadings because "the court focused on the attorney general's claim for damages on behalf of particular consumers." Not. Removal at 4. Given this holding, *Caldwell* does not apply. The State does not seek

---

[3] *See also, California Public Employees Retirement System v. Moody's Corp.* No. 09-cv-3628, 2009 WL 3809816 (N.D. Cal., 2009) slip op. 10; *Kitazato v. Black Diamond Hospitality Investments, LLC,* No. 09-cv-0271, 2009 WL 3209298 (D. Haw. 2009) slip op. 8-9; *State v. AU Optronics* No. 10-cv-5720, --- F. Supp. 2d ---, 2011 WL 2214034 (N.D. Ill., June 6, 2011) slip op. 3-15; *Arizona ex rel. Horne v. Countrywide Fin. Corp.,* No. 11-cv-131, 2011 WL 995963 (D. Ariz. Mar. 21, 2011) slip op. 3-6.

STATE OF WASHINGTON'S MOTION TO REMAND -- NO. 2:11-CV-01460-JLR

5

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

damages here. It seeks penalties, relief that is not available to private parties. Wash. Rev. Code § 19.86.140 (1983); *Stigall v. Courtesy Chevrolet-Pontiac, Inc.* 15 Wn. App. 739, 551 P.2d 763 (1976). The Attorney General is not authorized to seek damages when enforcing the CPA for unfair and deceptive practices. Wash. Rev. Code § 19.86.080 (2007) (authorizing injunctive relief, restitution and costs)[4] *Caldwell* suggests that if there are no damage claims, then the State would be the only real party in interest. *Caldwell* 536 F.3d at 429-30. Thus, under *Caldwell* the State is the only real party in interest here. *Caldwell* is also distinguishable because it relies on a state law that explicitly says policyholders are the "real parties in interest." *Id.* at 429 (citing La. Rev. Stat. Ann. § 51:137). *Caldwell* suggests in footnotes that language, similar to Washington's CPA, authorizing the state to proceed "in the name of the state, or as parens patriae" creates a statutory *parens patriae* right of action which would overcome claims that the State is not the real party in interest. *Caldwell* at 427, n.5, 430, n.10; *see* Wash. Rev. Code § 19.86.080.[5]

### D. The State Is The Real Party Because It Is Exercising Sovereign And Quasi-Sovereign Powers.

ReconTrust's theory that other parties are also 'real parties in interest' contradicts over 100 years of precedent for determining citizenship of a party for diversity purposes. *Osborn v. Bank of United States,* 22 U.S. (9 Wheat.) 738, 6 L. Ed. 204 (1824) (jurisdiction depends on the party named in the record.); *See* Wright & Miller, Federal Practice & Procedure § 1556 (3d ed.) (*citing Atchison, T. & S.F. Ry. Co. v. Phillips,* 176 F. 663 (9th

---

[4] *State v. State Credit Ass'n,* 33 Wn. App. 617, 621, 657 P.2d 327 (1983) ("The relief available in a consumer protection action brought by the State is entirely equitable."); *State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.,* 82 Wn.2d 265, 277, 510 P.2d 233 (1973) (Restitution is incidental to injunctive relief.)

[5] The *Caldwell* decision has been criticized or distinguished by several courts. *Missouri ex rel. Koster v. Portfolio Recovery Associates, Inc.,* 686 F. Supp. 2d 942, 945-946 (E.D. Mo. 2010); *California v. AU Optronics Corporation et al. (a/k/a In Re: TFT-LCD (Flat Panel) Antitrust Litigation),* No. 3:10-cv-05212-SI, 2011 WL 560593, 8 (N.D. Ca. Feb. 15, 2011) slip op. at 4-5; *Virginia v. SupportKids Servs., Inc.,* No. 3:10-cv-73, 2010 WL 1381420, at *2 n.2 (E.D. Va. Mar. 30, 2010) slip op. at 5 n.2; *State v. AU Optronics* No. 10-cv-5720 --- F Supp. 2d ---, 2011 WL 2214034 (N.D. Ill. June 6, 2011) slip op. at 10-11; *Illinois v. SDS West Corp.,* 640 F. Supp. 2d 1047, 1052 (C.D. Ill. 2009); *Colorado Civil Rights Com'n v. Wells Fargo Bank and Co.,* No. 10-CV-02427, 2011 WL 2610205, *3 (D.Colo. Jul 01, 2011) slip op. at 10.

STATE OF WASHINGTON'S MOTION TO REMAND -- NO. 2:11-CV-01460-JLR

6

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

Cir. 1910)) (A party is an interested party for purposes of diversity jurisdiction when it has some control over the litigation.) The State is the real party here because it sues to vindicate sovereign and quasi-sovereign interests in securing an honest marketplace and the economic well-being of its citizens. *Alfred E. Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592, 607, 102 S. Ct. 3260, 73 L. Ed. 2d 995 (1982). *Snapp* found that although the subject of the suit was a small subset of Puerto Rico's population, the Commonwealth still had standing based on its sovereign and quasi-sovereign interests under the *parens patriae* doctrine. Sovereign interests include enforcing its civil code. *Snapp* at 601. Here, the State is enforcing two sections of its civil code, the Consumer Protection Act, Wash. Rev. Code 19.86, and the Deed of Trust Act, Wash. Rev. Code 61.24. *Compl.* ¶¶ 1.2, 3.1, 5.3, 5.7, 6.1 and 6.2. Hence, the State is the real party exercising its sovereign interests.

*Snapp* holds that a state's quasi-sovereign interests include the economic well-being of its citizens and that courts should look to the goals of the State's action when determining the real party in interest. *Snapp* at 607-09, 612. Here, the State is enforcing foreclosure procedures created by the legislature to create a fair and efficient nonjudicial foreclosure process. *See Cox v. Helenius*, 103 Wn.2d 383, 387, 693 P.2d 683 (1985) (explaining purpose of the Deed of Trust Act). This action holds ReconTrust to the particulars of the foreclosure process so that no trustee gains an unfair advantage, no homeowner is denied an opportunity to stop a wrongful foreclosure, and no homes are sold with clouded titles. *Id.* at 387. *See Illinois v. SDS West Corp.*, 640 F. Supp. 2d 1047, 1050 (C.D. Ill. 2009) ("securing an honest marketplace" is "a well established quasi-sovereign interest").

A Nevada district court disregarded *Snapp's* holistic analysis by breaking up the States' enforcement action into subsets based on what relief is sought. *Nevada v Bank of America*, No. 3:11-cv-0135, 2011 WL 2633641 (D. Nev. July 5, 2011) slip op. at 3 (*appeal pending, but effectively overruled by Chimei*). The *Nevada* decision finds that because some of the State's claims ask for damages, it was not acting in *parens patriae* powers, but instead

STATE OF WASHINGTON'S MOTION TO REMAND -- NO. 2:11-CV-01460-JLR

7

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

on behalf of individual homeowners.[6] The *Nevada* court felt compelled by *Department of Fair Employment & Housing v. Lucent Technologies*, 642 F.3d 728 (9th Cir. 2011) to find that the State was not the real party in interest. *Nevada v Bank of America*, slip op. at 6. *Lucent* does not compel such a finding, in particular because it is so legally and factually distinct from most state enforcement cases. California sought to recover on behalf of one person, it called that person the "Real Party," and it sought that person's actual damages. *Lucent* at 740, n.8. The statute in *Lucent* explicitly states: "the person claiming to be aggrieved shall be the real party in interest." Cal. Gov't Code § 12965(c)(2). Unsurprisingly, the Court found that this employee, who is the sole subject of the litigation, was the real party in interest in the suit. The present suit concerns thousands of persons and does not seek damages.[7]

The Ninth Circuit has twice failed to extend *Lucent* to enforcement actions involving more than one plaintiff. In *Chimei,* the *Lucent* decision was not mentioned despite *Lucent* preceding *Chimei* by five months, and extensive briefing of *Lucent* by the parties. Also, when ReconTrust and its co-defendants appealed an Arizona remand in a similar case the Ninth Circuit denied the appeal without mentioning the *Lucent* opinion, despite its issuance two months prior and briefing of *Lucent* by the parties. *Ariz. ex rel. Horne v. Countrywide Fin. Corp.*, No. 11-80086 (9th Cir. June 29, 2011) *(attached) (reconsideration pending)*. The Ninth Circuit's denial cites only *Coleman v. Estes Express Lines, Inc.*, 627 F.3d 1096 (9th

---

[6] This analysis contrasts with most cases where the court looks at the case as a whole, and where the fact that some private consumers may benefit does not make the State a nominal party or the private consumers an actual party. *See, In re New York* 256 U.S. 490, 500, 41 S. Ct. 588, 65 L.Ed. 1057 (1921); *New York ex rel. Abrams v General Motors Corp.*, 547 F. Supp. 703, 705- 707 (S.D. NY 1982); *Illinois v. SDS West Corp.*, 640 F. Supp. 2d 1047, 1052-53 (C.D. Ill. 2009); *Mississippi ex rel. Hood v. Microsoft Corp.*, 428 F. Supp. 2d 537, 545-46 (S.D. Miss. 2006); *Wisconsin v. Abbott Labs.*, 341 F. Supp. 2d 1057, 1061-62 (W.D. Wis. 2004); *Mississippi ex rel. Moore v. Abbott Labs*, 900 F. Supp. 26, 31-32 (S.D. Miss. 1995); *West Virginia v. Morgan & Stanley Co. Inc.*, 747 F. Supp. 332, 339 (S.D. W.Va. 1990); *see also, Ariz. Ex rel. Horne v. Countrywide Fin. Corp.*, No. 11-cv-0131, 2011 WL 995963 (D. Ariz. March 21, 2011); *California v. Universal Syndications, Inc.*, No. C 09-1186, 2009 WL 1689651 (N.D. Cal. June 16, 2009).

[7] *See also, Department of Fair Employment and Housing v. Lucent Technologies, Inc.* 642 F.3d 728, 750 (9th Cir. 2011) (Ikuta *dissenting*) (Pointing out that previous Supreme Court and Ninth Circuit precedent considered the State to be the real party in interest even in cases regarding one person.)

Cir. 2010) (*per curiam*), which stands for the proposition that a circuit court should grant a CAFA appeal only when there is an "important CAFA-related question" that is "at least fairly debatable." *Id.* at 1100. The Ninth Circuit's failure to grant appeal is some indication that the trial court's remand is not debatable, and certainly means that *Lucent* is not dispositive on the issue of real parties in interest. Thus, two Ninth Circuit rulings have not applied *Lucent's* real party in interest analysis to Attorney General enforcement actions involving more than one person on whose behalf the Attorney General seeks relief. Instead, *Chimei* relies on the previous *Snapp* standard finding that the State is the real party asserting its *parens patriae* interest. *Chimei* at 7.

State law firmly supports the principle that the State is the real party in interest here.[8] In *Herrmann v. Cissna*, 82 Wn.2d 1, 507 P.2d 144 (1973) the Court held that the suit was for the benefit of the State, even though any proceeds would inure to a private company, because the statute the State was enforcing, Wash. Rev. Code Ch. 4.16.160, was for the benefit of the public. *Id.* at 147. Here, the state brings suit under the CPA, whose purpose is to "protect the public and foster fair and honest competition." Wash. Rev. Code § 19.86.920 (1985). As in *Herrmann*, the actions taken by the State may benefit private parties, particularly if restitution is awarded, but they are taken primarily in the public interest. *Herrmann*, 507 P.2d at 147. The Attorney General seeks restitution to protect the public. Any relief provided to private individuals is only "incidental to and in aid of the relief asked on behalf of the public." *Seaboard v. Ralph Williams' North West Chrysler Plymouth, Inc.*, 81 Wn.2d 740, 746, 504 P.2d 1139, 1143 (1973). Any penalties awarded go to the State, not private individuals. Wash. Rev. Code § 43.10.030(11) (2009); *Stigall v. Courtesy-Chevrolet*, 15 Wn. App. 739, 551 P.2d 763 (1976).

---

[8] Real party in interest analysis is guided by state law. *Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 738 (9th Cir. 2011).

STATE OF WASHINGTON'S MOTION
TO REMAND -- NO. 2:11-CV-01460-JLR

9

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

E.  **If This Matter Met CAFA's Mass Action Definition it Would Also Meet CAFA's Exemptions to that Definition.**

CAFA contains two relevant exemptions to mass actions. The first exempts suits where all the claims stem from acts in the same state as where the suit is filed. 28 U.S.C. § 1332(11)(B)(ii)(1). Here, all claims stem from ReconTrust's foreclosures in the State of Washington and all the injuries are to Washington residents, foreclosure trustees competing in Washington, purchasers at Washington foreclosure sales and the marketplace as a whole. The second exemption states that the term 'mass action' shall not include any civil action in which "all of the claims in the action are asserted on behalf of the general public ... pursuant to a State statute specifically authorizing such action." 28 U.S.C. § 1332(11)(B)(ii)(3). As shown above, all the State's claims are asserted as *parens patriae* and the CPA is a state statute authorizing this suit on behalf of its citizens. Wash. Rev. Code § 19.86.080 (2007). The CPA's purpose is "to protect the public and foster fair and honest competition." Wash. Rev. Code § 19.86.020 (1961).

F.  **ReconTrust Fails to Establish the Amount in Controversy**

ReconTrust presents no evidence regarding the $75,000 jurisdictional minimum required by CAFA for mass actions. 28 U.S.C. § 1332(d)(11)(B)(i); *Gaus v. Miles*, 980 F.2d 564, 566-67 (9th Cir. 1992) (if plaintiff does not specify damages then defendant must prove the jurisdictional amount). ReconTrust presents no evidence that any one claim exceeds $75,000, let alone that 100 or more claims exceed that amount. It also wrongly states that only one person's claim must exceed $75,000 to meet the "mass action" requirements. Not Removal at 6. CAFA actually requires that each of the 100 or more qualifying plaintiff's must have damages in excess of $75,000. 28 U.S.C. § 1332(d)(11)(B)(i); *see also, Anwar v. Fairfield Greenwich Ltd.*, 676 F. Supp. 2d 285, 292-93 (S.D. NY 2009) ("Mass action requires that any individual with less than $75,000 will have to be remanded." *Id.*) If fewer than 100 plaintiffs have damages over $75,000, then there would be no mass action because

STATE OF WASHINGTON'S MOTION TO REMAND -- NO. 2:11-CV-01460-JLR

10

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

not enough people are asserting their claims to meet the mass action threshold. 28 U.S.C. § 1332(d)(11)(B)(i). As it stands, the Court does not know whether it actually has subject matter jurisdiction and any judgment could be re-opened by a person claiming their damages were under $75,000.[9]

### G. Federalizing CPA Enforcement Actions Denies the State Court's Statutory Role in Defining Unfair and Deceptive Practices Under the CPA.

The CPA, more than most statutes, is reliant on judicial decisions to achieve its purpose. The CPA's language is purposely comprehensive. It bans "unfair methods of competition and unfair or deceptive acts or practices." Wash. Rev. Code § 19.86.020 (1961). The legislature did not specifically define prohibited acts because "[t]here is no limit to human inventiveness in this field." *Ivan's Tire Service v. Goodyear Tire*, 10 Wn. App. 110, 122, 517 P.2d 229 (1973) *aff'd,* 86 Wn.2d 513 (1976). Therefore, the process of "defining and proclaiming of the bounds of [the CPA's] terms falls upon the courts" on a case-by-case basis. *Id.* at 123. Federal courts prefer not to create new state law. Where a state statue must be interpreted and the position of the state court is unclear, federal courts should certify the question or otherwise defer to state courts. *Parents Involved in Community Schools v. Seattle School Distr. No. 1*, 294 F.3d 1085, 1086 (9th Cir. 2002) ("[E]ven when we find the plain language of state law dispositive ... we have an obligation to consider whether novel state-law questions should be certified—and we have been admonished in the past for failing to do so."); *Peck v AT&T Mobility*, 632 F.3d 1123, 1125 (9th Cir. 2011); *Minnick v Clearwire*, 636 F.3d 534, 536-7 (9th Cir. 2011). There is therefore no reason for a court to pierce a CPA pleading so that it might decide a state law issue.

---

[9] *Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 736 (9th Cir. 2011) ("if, at the end of the day and case, a jurisdictional defect remains uncured, the judgment must be vacated.") (*citing Caterpillar Inc. v. Lewis*, 519 U.S. 61, 76-77, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996).

STATE OF WASHINGTON'S MOTION TO REMAND -- NO. 2:11-CV-01460-JLR

11

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

## III. CONCLUSION

The jurisdictional prerequisites under CAFA are not satisfied here. This case lacks minimal diversity because the State is the only real party in interest and is not a citizen for purposes of diversity.[10] Furthermore, the State's lawsuit is a *parens patriae* action and not a class action or mass action as those terms are defined under CAFA. Accordingly, the Court lacks subject mater jurisdiction over this matter, and it must be remanded to State Court.

DATED this 2nd day of November, 2011.

ROBERT M. MCKENNA
Attorney General

By: ___/s/ James T. Sugarman___
James T. Sugarman, WSBA #39107
Assistant Attorney General
Attorney General of Washington
800 5th Ave, Suite 2000
Seattle, WA 98104-3188
Phone: (206) 389-2514
Fax: (206) 587-5636
E-mail: James.Sugarman@atg.wa.gov
*Attorney for Plaintiff State of Washington*

---

[10] The State is not considered a "person" for purposes of general diversity jurisdiction. *Moor v. Alameda County*, 411 U.S. 693, 717, 93 S. Ct. 1785, 36 L. Ed. 2d 596 (1973) (citing *Postal Tel. Cable Co. v. Alabama*, 155 U.S. 482, 487, 15 S. Ct. 192, 39 L. Ed. 231 (1894)).

STATE OF WASHINGTON'S MOTION TO REMAND -- NO. 2:11-CV-01460-JLR

12

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745