11-CV-01460-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>    Plaintiff,<br><br>  v.<br><br>RECONTRUST COMPANY, N.A.,<br><br>    Defendant. | No. 2:11-cv-1460<br><br>CONSENT DECREE |

### I.   JUDGMENT SUMMARY

1.1   Judgment Creditor        State of Washington

1.2   Judgment Debtor         ReconTrust Company, N.A.

1.3   Principal Judgment Amount     $1,090,000

1.4   Post Judgment Interest Rate:     12% per annum

1.5   Attorneys for Judgment Creditor:   James T. Sugarman,
                    Assistant Attorney General

1.6   Attorneys for Judgment Debtor:    John S. Devlin, III
                    Lane, Powell, PC

1.7   Plaintiff State of Washington, having conducted an investigation and commenced this action pursuant to RCW 19.86, the Consumer Protection Act ("CPA"); and

CONSENT DECREE            1            ATTORNEY GENERAL OF WASHINGTON
                                                   Consumer Protection Division
                                                 800 Fifth Avenue, Suite 2000
                                                   Seattle, WA 98104-3188
                                                     (206) 464-7745

1.8     Defendant ReconTrust Company, National Association ("ReconTrust"), a California corporation, having been served with the Summons and Complaint; and Washington, appearing by and through its attorneys, Robert M. McKenna, Attorney General and James T. Sugarman, Assistant Attorney General; and Defendant, appearing by and through its attorney John S. Devlin, III, Lane, Powell, PC; and

1.9     Washington and Defendant having agreed on a basis for the settlement of the matters alleged in the Complaint and to the entry of this Consent Decree against Defendant without the need for trial or adjudication of any issue of law or fact; and

1.10    Defendant, by entering into this Consent Decree, does not admit the allegations of the Complaint other than those facts deemed necessary to the jurisdiction of this Court; and

1.11    Washington and Defendant agree this Consent Decree does not constitute evidence or an admission regarding the existence or non-existence of any issue, fact, or violation of any law alleged by Washington; and

1.12    Defendant recognizes and states this Consent Decree is entered into voluntarily and that no promises, representations, or threats have been made by the Attorney General's Office or any member, officer, agent, or representative thereof to induce it to enter into this Consent Decree, except for the promises and representations provided herein; and

1.13    Defendant waives any right it may have to appeal from this Consent Decree or to otherwise contest the validity of this Consent Decree; and

1.14    Defendant further agrees this Court shall retain jurisdiction of this action and jurisdiction over Defendant for the purpose of implementing and enforcing the terms and conditions of this Consent Decree and for all other purposes related to this matter; and

1.15    Defendant further agrees its payments made or due pursuant to this Consent Decree are not amenable to discharge in bankruptcy and it shall not seek or support its discharge in bankruptcy, nor oppose its being determined not amenable to discharge in bankruptcy; and

Case 2:11-cv-01460-JLR Document 16 Filed 08/14/12 Page 3 of 13

1.16 Defendant further agrees its payments made or due pursuant to this Consent Decree are not preferential transfers of assets and it shall not make nor support arguments to the contrary in bankruptcy court or elsewhere.

The Court, finding no just reason for delay;

**NOW, THEREFORE**, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

## II. GENERAL

2.1 This Court has jurisdiction of the subject matter of this action and of the parties.

2.2 This Consent Decree or the fact of its entry does not constitute evidence or an admission by any party regarding the existence or non-existence of any issue, fact, or violation of any law alleged by Washington. To the contrary, Defendant has denied and continues to deny any and all wrongdoing of any kind whatsoever and retains, and does not waive, any and all defenses Defendant may have with respect to such matters.

2.3 This Consent Decree fully and finally resolves and forever discharges all claims and causes of action under the CPA and the Deeds of Trust Act that the State of Washington has filed or may in the future file against ReconTrust arising out of or relating to the facts and matters described in the Complaint, except that ReconTrust's material failure to comply with this Consent Decree shall permit the Attorney General of Washington to take such further action against ReconTrust as provided for herein.

## III. INJUNCTION

3.1 The injunctive provisions of this Consent Decree shall apply to Defendant solely in its capacity as foreclosure trustee and to its successors and assigns.

3.2 Defendant represents that it is no longer doing business as a foreclosure trustee under deeds of trust with respect to property located within the State of Washington, except to the extent that such property has already been subject to a foreclosure sale and Defendant is engaged in post-foreclosure activities.

3.3    If at any time in the future Defendant returns to operating as a foreclosure trustee in the state of Washington, it shall not conduct non-judicial foreclosure proceedings involving residential property unless it:

a.  Maintains a physical presence and street address where personal service of process may be made, with telephone service at that address. For purposes of this Consent Decree only, physical presence in this context means maintaining an office that:

   i.   is within the geographic boundaries of the state of Washington;

   ii.  is open during normal business hours;

   iii. is staffed by a person or persons capable of responding to a borrower's or grantor's questions concerning a non-judicial foreclosure and directing the borrower or grantor to another person or persons capable of responding to questions concerning the borrower's default;

   iv.  is authorized to accept payments of the amount necessary to reinstate the note and deed of trust or to direct the borrower to another person or persons (whether located in the State of Washington or otherwise) capable of reasonably promptly accepting such payments, provided that directing a borrower out-of-state does not prejudice the borrower's right to reinstate their loan; and

   v.   is authorized, where appropriate and where warranted by the facts, to postpone, reschedule or cancel foreclosure sales or to direct the borrower to another person or persons (whether located in the State of Washington or otherwise) capable of reasonably promptly, where appropriate and where warranted by the facts, postponing, rescheduling or canceling foreclosure sales.

    b.    Discloses, in notices required by the Deed of Trust Act, including notices of foreclosure and notices of trustee's sale, but excluding notices of default, the street address and telephone number for the office that constitutes the "physical presence" required by the Deed of Trust Act.

    c.    Does not misidentify the owner of the promissory note or other obligation secured by the deed of trust or the entity authorized to exercise the rights of the owner, in any notices required by the Deed of Trust Act.

    d.    Identifies in the notice of default the name and actual address of the owner of any promissory note or other obligation secured by the deed of trust, and the name, address, and telephone number of a party acting as a servicer of the obligations secured by the deed of trust.

    e.    Provides, upon the request of the deed of trust grantor or borrower or its representative, (i) copies of documentation sufficient to show the note owner has an enforceable interest in the mortgage or deed of trust and/or (ii) copies of documentation sufficient to show that the entity claiming to be the beneficiary is the owner of the promissory note; provided, however, that for purposes of this Consent Judgment, a copy of the declaration described in RCW 61.24.030(7)(a), when made in good faith and without notice as to its inaccuracy, shall be deemed sufficient proof that the entity claiming to be the beneficiary is the owner of the promissory note. If any such documents are unavailable, Defendant shall provide documents and sworn statements sufficient to establish the note owner's authority to enforce the security interest.

    f.    Ensures that any demand for fees or response to a reinstatement amount request is accurate and contains only actual costs and fees incurred and that

such demand or amount is authorized by a term of the promissory note and/or deed of trust and is not prohibited by the Deed of Trust Act.

  g. Acts consistent with its statutory duty of good faith toward the borrower, beneficiary and grantor and its duty to act independently when enforcing the deed of trust provisions. For purposes of this Consent Judgment only, it is a breach of the duty of good faith to enter into an agreement with a note owner, beneficiary or its agent wherein Defendant agrees to stop or postpone a foreclosure only when approved by the noteowner, beneficiary or agent, or to otherwise defer solely to a single party when acting as a trustee.

3.4 Defendant may not act as foreclosure trustee where it is also the beneficiary of the deed of trust.

3.5 Defendant may not describe in its notice of trustee's sale defaults that may have, but did not actually, occur.

3.6 Defendant shall immediately cease operating as a foreclosure trustee with respect to property in the State of Washington until it is in compliance with the requirements of the Washington Deed of Trust Act, RCW 61.24, *et seq.*; provided, however, that Defendant may continue to engage in lawful post-sale activities described in Paragraph 3.2, above, for properties that have been sold at foreclosure prior to the entry of this Order. Defendant shall inform its respective directors, successors, assigns, officers, and management level employees having responsibilities with respect to the subject matter of this Consent Decree, by announcing this Consent Decree to them and by making its terms and conditions available to them.

## IV. MONETARY PAYMENT

4.1 Pursuant to RCW 19.86.080, Washington shall recover and Defendant shall pay the Plaintiff the amount of $1,090,000 for costs and reasonable attorney's fees incurred by Washington in pursuing this matter, for monitoring and potential enforcement of this Consent Decree, and for future enforcement of RCW 19.86. Upon payment of this amount to Washington, Bank

of America Corporation and its affiliated entities shall receive credit in the amount of $1,090,000 against any obligations to make cash payments to the State of Washington pursuant to a consensual settlement of the current multistate loan-servicing related investigation by the Office of the Attorney General.

4.2   In any successful action to enforce this Consent Decree against Defendant, Defendant shall bear Washington's reasonable costs, including reasonable attorneys' fees.

4.3   Defendant's failure to pay attorneys' fees and costs to Washington as required by this Consent Decree shall be a material breach of the Consent Decree.

## V.   TERMS OF PAYMENT

5.1   Within 30 days of entry of this Consent Decree, or at such other time as agreed to by Washington in writing, Defendant shall pay a total of $1,090,000 to the State of Washington. *Interest shall accrue at the rate of twelve percent (12%) per annum until such payment is made in full.*

5.2   Defendant shall make all payments owed pursuant to this Consent Decree by bank cashier's check payable to the Attorney General - State of Washington, and shall mail or deliver such payments to the Office of the Attorney General, Consumer Protection Division, 800 5th Avenue, Suite 2000, Seattle, Washington 98104-3188, Attention: Cynthia Lockridge, unless otherwise agreed to in writing by Washington.

5.3   Defendant's failure to timely make payments as required by this Consent Decree, without written agreement by Washington, shall be a material breach of this Consent Decree.

## VI.   ENFORCEMENT

6.1   Defendant shall be in full compliance with all requirements and obligations this Consent Decree imposes on Defendant at the time it is entered by the Court, other than the monetary payment obligation set forth in Paragraph 4.1, above.

6.2     If Defendant violates a material condition of this Consent Decree, and if Defendant does not cure the violation after notice by Washington, Washington may seek the imposition of additional conditions, civil penalties, restitution, injunctive relief, attorney's fees, costs and such other remedies as the Court may deem appropriate against Defendant at an evidentiary hearing in which Defendant has an opportunity to be heard, if the Court finds by a preponderance of evidence that Defendant has violated a material condition of this Consent Decree.

6.3     Jurisdiction is retained by this Court for the purpose of enabling any party to this Consent Decree to apply to the Court, to the extent permitted herein, for enforcement of compliance with this Consent Decree, to punish violations thereof, or otherwise address the provisions of this Consent Decree.

6.4     Nothing in this Consent Decree shall grant any third-party beneficiary or other rights to any person not a party to this Consent Decree. For the avoidance of doubt, nothing in this Consent Decree confers any right or ability to sue to any trust grantor or borrower, nor does this Consent Decree create any obligation on the part of any party to such trust grantor or borrower.

6.5     Nothing in this Consent Decree shall be construed to limit or bar any other governmental entity or person from pursuing other available remedies against Defendant or any other person.

6.6     Under no circumstances shall this Consent Decree, or the name of the State of Washington, this Court, the Office of the Attorney General, the Consumer Protection Division, or any of their employees or representatives be used by Defendant or any of its respective owners, members, directors, successors, assigns, transferees, officers, agents, servants, employees, representatives, and all other persons or entities in active concert or participation with Defendant, in connection with any selling, advertising, or promotion of products or services, or as an endorsement or approval of Defendant's acts, practices, or conduct of business.

6.7     Washington shall be permitted, upon advance notice of twenty days to Defendant, to access, inspect and/or copy business records or documents in possession, custody or under control of Defendant to monitor compliance with this Consent Decree, provided that the inspection and copying shall avoid unreasonable disruption of Defendant's business activities. Washington shall not disclose any information described in this Paragraph 6.7 ("Confidential Information") unless such disclosure is required by law. In the event that Washington receives a request under the Public Records Act, subpoena, or other demand for production that seeks the disclosure of Confidential Information, Washington shall notify Defendant as soon as practicable, and in no event more than ten (10) calendar days, after receiving such request and shall allow Defendant a reasonable time, not less than ten (10) calendar days, from the receipt of such notice to seek a protective order relating to the Confidential Information or to otherwise resolve any disputes relating to the production of the Confidential Information before Washington discloses any Confidential Information. Nothing in this Consent Decree shall affect State of Washington's compliance with the Public Records Act, RCW 42.56.

6.8     To monitor compliance with this Consent Decree, Washington shall be permitted to serve interrogatories pursuant to the provisions of CR 26 and CR 33 and to question Defendant or any officer, director, agent, or employee of Defendant by deposition pursuant to the provisions of CR 26 and CR 30 provided that Washington attempts in good faith to schedule the deposition at a time convenient for the deponent and his or her legal counsel.

6.9     This Consent Decree in no way limits Washington from conducting any lawful non-public investigation to monitor Defendant's compliance with this Consent Decree or to investigate other alleged violations of the CPA, which may include but is not limited to interviewing customers or former employees of Defendant.

6.10    This Consent Decree shall be binding upon and inure to the benefit of ReconTrust's successors and assigns. ReconTrust, and its successors and assigns, shall notify the Attorney General's Office at least thirty (30) days prior to any change-in-control of ReconTrust that

Case 2:11-cv-01460-JLR Document 16 Filed 08/14/12 Page 10 of 13

would change the identity of the corporate entity responsible for compliance obligations arising under this Consent Decree, including, but not limited to, dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor corporation; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this order; the proposed filing of a bankruptcy petition; or a change in the corporate name or address. Provided, however, that, with respect to any proposed change in the corporation about which Defendant, and its successors and assigns, learn less than thirty (30) days prior to the date such action is to take place, Defendant and its successors and assigns, shall notify the AG as soon as is practicable after obtaining such knowledge.

6.11 The injunctive provisions described in Paragraphs 3.2-3.5, above, shall apply to any bona fide purchaser of the foreclosure trustee business of ReconTrust (the "Purchaser") in the Purchaser's capacity as foreclosure trustee, but only with respect to any foreclosure referrals that the Purchaser receives from Bank of America, N.A. in the State of Washington after the closing of the sale of ReconTrust's foreclosure trustee business to the Purchaser. This Consent Decree shall not otherwise apply to any activities of the Purchaser, including, for the avoidance of doubt, any foreclosure referrals that the Purchaser receives from another person or entity in the State of Washington or any other business conducted by the Purchaser in the State of Washington other than the business referred to in the foregoing sentence. For the avoidance of doubt, nothing in this Consent Decree shall release any claims that the State of Washington has or may have against the Purchaser, except for any claims that the State of Washington may assert against the Purchaser based on any theory of successor liability, vicarious liability, de facto merger, fraudulent conveyance, or other similar claim or theory for the obligations, exposures, or liabilities of ReconTrust with respect to the claims released in this Consent Decree (such claims, "Successor Liability Claims"). The Purchaser is hereby released and forever discharged from any Successor Liability Claims. The Purchaser shall not be deemed a successor, assign, or transferee for purposes of this Consent Decree.

6.12 Any notice or other communication required or permitted under this Consent Decree shall be in writing and delivered to the following persons or any person subsequently designated by the parties:

> For ReconTrust:
>
> Robert J. McGahan, Esq.
>
> Associate General Counsel
>
> 214 North Tryon Street
>
> NC1-027-20-05
>
> Charlotte, NC 28255
>
> For Washington:
>
> James T. Sugarman,
>
> Assistant Attorney General
>
> Consumer Protection Division
>
> 800 Fifth Avenue, Suite 2000
>
> Seattle, WA 98104-3188

6.13 The Clerk of the Court is ordered to enter the foregoing Judgment and Consent Decree immediately.

## VII. TERMINATION

7.1 This Consent Decree, and all obligations of Defendant thereunder, shall terminate three years from the date of entry of the foregoing Judgment and Consent Decree, except that, if the United States Securities and Exchange Commission does not grant the application for a permanent exemption to be filed by affiliates of Defendant from the provisions of Section 9 of the Investment Company Act of 1940, this Consent Decree shall thereupon terminate upon expiration of any temporary exemption granted by the staff of the Commission and the parties shall in all respects return to the positions that they were in prior to entry of this Consent Decree, it being

1  understood that Washington may thereupon assert any claims arising out of or relating to the facts
2  and matters described in the Complaint notwithstanding the release of claims in Paragraph 2.3,
3  above, or any release of claims in the multistate settlement referenced in Paragraph 4.1, above.

DONE IN OPEN COURT this 18th day of August, 2012.

_____
JUDGE U.S. District Court Judge

Presented By:

ROBERT M. MCKENNA
Attorney General

By: _____
JAMES T. SUGARMAN, WSBA #39107
Assistant Attorney General
Attorneys for Plaintiff State of Washington

Notice of Presentment Waived and
Approved as to Form by:

For ReconTrust Company, N.A.

By: _____

HAROLD F. R. MILLER
Printed Name

CONSENT DECREE                    13                    ATTORNEY GENERAL OF WASHINGTON
                                                        Consumer Protection Division
                                                        800 Fifth Avenue, Suite 2000
                                                        Seattle, WA 98104-3188
                                                        (206) 464-7745